UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GABRIEL BURRESS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-25-831-R |
| | ) |
| **UNKNOWN SHAWNEE POLICE** | ) |
| **OFFICERS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 17]. Plaintiff Gabriel Burress, a pretrial detainee appearing *pro se* and *in forma pauperis*, has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 [Doc. No. 12]. Judge Erwin recommends dismissal of the Amended Complaint for failure to state a claim upon which relief may be granted. Plaintiff filed an Objection [Doc. No. 20] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

## LEGAL STANDARD

"'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on

1

those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Plaintiff proceeds *pro se*, the Court will construe his allegations and objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

Plaintiff filed this § 1983 lawsuit against several unknown Shawnee police officers, alleging that the officers violently assaulted him one night. Judge Erwin screened the Amended Complaint in accordance with 28 U.S.C. §§ 1915A(a) and 1915(e)(2) and recommends dismissal because Plaintiff did not make clear "who did what to whom," thus failing to provide the Defendants with fair notice of the basis of the claims against them. Plaintiff objects, arguing he "can only explain what officer did what effect by subpoenaing the camera footage to identify which officer and how each officer assaulted me in which way, as the officers failed to identify themselves in the dark of night and brutally assaulted me in secret." Doc. No. 20 at p. 2.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to [plaintiff]; when the defendant did it; how the defendant's action harmed [plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir.

2007). In § 1983 cases involving a number of government entities and government actors sued in their individual capacities, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248-50 (10th Cir. 2008). *See also Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. App'x 680, 686 (10th Cir. 2019) (unpublished) (affirming dismissal where prisoner's "undifferentiated allegations against John Doe officers ma[de] it impossible to identify any . . . officer for service of process" and officers wouldn't know "what wrongdoing [they were] alleged to have committed").

The majority of Plaintiff's Complaint details his alleged harassment at the hands of a single police officer, who allegedly shouted profanities at Plaintiff, lingered for hours around Plaintiff's apartment building, followed Plaintiff with his vehicle, made threatening faces, and pulled Plaintiff over and feigned reaching for a gun. The latter part of the Amended Complaint states that after Plaintiff fled the first police officer's harassment, he pulled over and saw a Pottawatomie County Sheriff, whom he spoke to until "like [four]" Shawnee police officers arrived, "jumped out and violently assaulted [Plaintiff] multiple times." Beyond this, Plaintiff provides no further details as to the circumstances or nature of the assault.

Plaintiff's Objection deals solely with the alleged brutal assault—he does not appear to discuss the officer who allegedly initially followed him in his car. The Court will therefore focus its analysis upon the allegations pertaining to the assault.

A complaint's clarity as to *who* did *what* to *whom* and *when* is crucial to permit "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nasious*, 492 F.3d at 1163. Though Plaintiff argues that he could identify which officers were involved in the assault if he obtained footage of the incident, his Amended Complaint fails to indicate when the incident occurred, what sort of assault the Defendants perpetrated against him, or the injuries the assault caused. The Court and Defendants have only Plaintiff's assertion that the police officers jumped out of their cars and violently assaulted him multiple times. Simply put, this is insufficient to put the Defendants on notice of the claims against them and therefore insufficient to state a claim.

Judge Erwin also recommends dismissal based on the relief Plaintiff seeks. In his Amended Complaint, Plaintiff clearly indicates he is suing the Shawnee police officers in their official capacities, requesting "full relief from current and past criminal charges and convictions" and "full compensation." Judge Erwin found Plaintiff's first request vague and conclusory and Plaintiff's second request improper because "Section 1983 plaintiffs may sue . . . official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). Plaintiff argues in his Objection that he requests the "full entitled relief" in these matters.

> In the § 1983 context, claims brought against individual municipal employees sued in their official capacities are considered to be claims for municipal liability against the county . . . . *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1173 n.1 (10th Cir. 2020) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quotation marks omitted); *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ("Suing individual defendants in their official

4

capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent.").

*Yelton v. Bd. of Cnty. Comm'rs of Canadian Cnty.*, No. CIV-21-1001-G, 2024 WL 4415256, at *4 (W.D. Okla. Mar. 18, 2024).

Suing the Shawnee police officers in their official capacities was just another way of Plaintiff pleading an action against the municipality the officers represent. To state a claim for municipal liability, Plaintiff must allege "'facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference.'" *Barlean v. Okla. Cnty. Crim. Just. Auth.*, No. CIV-23-00488-JD, 2024 WL 4480184, at *2 (W.D. Okla. Oct. 11, 2024) (quoting *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023)).

Plaintiff mentions his "fear of corruption in Shawnee, OK" and asserts that the Shawnee police have threatened him and endangered his life several times. However, Plaintiff has failed to raise any allegations addressing the existence of a municipal policy, how such a policy caused his alleged injuries, or the deliberate indifference of the relevant municipality to the rights of its inhabitants. Because Plaintiff only sues the Defendants in their official capacities, this Court agrees with Judge Erwin that Plaintiff has failed to state a claim for relief against them.

In his Objection, Plaintiff also (1) requests camera footage and other documents and information, (2) states that he would like to file grievances against the federal prosecution, (3) requests court-appointed counsel to assist him with his case, and (4) asks the Court to refile previous cases he has brought regarding the same or related incidents. Plaintiff has also filed a motion and a letter requesting court-appointed counsel and a refiling of past

cases, respectively [Doc. Nos. 18, 19]. Because the Court adopts Judge Erwin's Report and dismisses the Complaint, Plaintiff's motion and requests are moot and therefore DENIED.

Accordingly, Judge Erwin's Report and Recommendation is ADOPTED in its entirety. Plaintiff's Amended Complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 11th day of December, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE